**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4018

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DIEGO NINOS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:17-cr-00142-1)

Submitted:  August 29, 2018                      Decided:  September 10, 2018

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

E. Ward Morgan, THE LAW OFFICE OF WARD MORGAN, Bluefield, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, John L. File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diego Ninos appeals his sentence at the bottom of his Guidelines range after he pled guilty to being an inmate in possession of prohibited objects known as "shanks" in violation of 18 U.S.C. § 1791(a)(2), (b)(3) (2012). On appeal, Ninos' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting no meritorious grounds for appeal but raising the issues of whether the district court erred or abused its discretion in rejecting his Fed. R. Crim. P. 11(c)(1)(C) agreement; whether his sentence is reasonable; and whether his counsel was constitutionally ineffective. Ninos was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"When the Government and a defendant enter a Type-C agreement, the district court has three choices: It 'may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.'" *Hughes v. United States*, 138 S. Ct. 1765, 1773 (2018) (quoting Fed. R. Crim. P. 11(c)(3)(A)). "If the court rejects the agreement, the defendant may withdraw his guilty plea." *Id.* (citing Fed. R. Crim. P. 11(c)(5)(B)); *see United States v. Lewis*, 633 F.3d 262, 270 (4th Cir. 2011).

"In deciding whether to accept an agreement that includes a specific sentence, the district court must consider the Sentencing Guidelines." *Hughes*, 138 S. Ct. at 1773. "The court may not accept the agreement unless the court is satisfied that '(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity.'" *Id.* (citation omitted). "[T]he decision whether to accept the agreement will often be deferred until the sentencing hearing,' which means that 'the

2

decision whether to accept the plea agreement will often be made at the same time that the defendant is sentenced.'" *Id.* (citation omitted). In fact, "[t]his is generally the preferred practice." *United States v. Cota-Luna*, 891 F.3d 639, 647 (6th Cir. 2018). This Court reviews a district court's decision to reject the parties' Rule 11(c)(1)(C) agreement for abuse of discretion. *Id.; United States v. Sandoval-Enrique,* 870 F.3d 1207, 1213-14 (10th Cir. 2017); *see United States v. Midgett*, 488 F.3d 288, 297 (4th Cir. 2007).

We review a criminal sentence under a deferential abuse-of-discretion standard, looking first to whether the district court committed a significant procedural error. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). If the sentence is procedurally sound, we consider the substantive reasonableness of the sentence imposed. *Blue*, 877 F.3d at 517. "A within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017). "A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015) (internal quotation marks and citation omitted).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in rejecting the parties' Rule 11(c)(1)(C) agreement, and Ninos' sentence is reasonable. In Paragraph 9 of their plea agreement, the parties agreed that a sentence within a range of 12 to 15 months in prison, consecutive to any undischarged term of imprisonment, was the appropriate sentence in this case. Ninos understood that the agreement was not binding on the district court unless and until the court accepted the

agreement; and if the court rejected the Rule 11(c)(1)(C) agreement, he would have the right to void the agreement and withdraw his guilty plea. At his guilty plea hearing, the district court explained that it was deferring its decision on whether to accept the Rule 11(c)(1)(C) agreement until it received his presentence report. The court also personally advised Ninos that it did not have to accept the agreement, and if it chose not to do so, he would have the right to withdraw his guilty plea. The probation officer determined that Ninos' Guidelines range was 24 to 30 months in prison. At the sentencing hearing, the district court notified the parties that it was not inclined to accept the Rule 11(c)(1)(C) agreement based on the details of his offense revealed in the presentence report.

After allowing the parties to be heard on the issue, the district court rejected the Rule 11(c)(1)(C) agreement, explaining it found a sentence within the Guidelines range was required to satisfy the statutory objectives of sentencing under 18 U.S.C. § 3553(a) (2012). The court inquired whether defense counsel had an opportunity to discuss the consequences of that action with his client. Defense counsel answered that he and his client had been discussing the matter, and he also conferred with Ninos during the proceeding to confirm his decision to go forward with the sentencing without the Rule 11(c)(1)(C) agreement rather than moving to withdraw his guilty plea. The court then accepted his guilty plea and allowed the parties to address the issue of what his sentence should be. The court sentenced him at the bottom of his Guidelines range.

The district court was required to consider the Sentencing Guidelines when deciding whether to accept the parties' Rule 11(c)(1)(C) agreement; and it was prohibited from accepting it unless it was satisfied that this sentence was appropriate. *See Hughes*,

4

138 S. Ct. at 1773. As it was not so satisfied, it did not abuse its discretion in rejecting the parties' Rule 11(c)(1)(C) agreement; and it complied with Fed. R. Crim. P. 11(c)(5) in doing so. Moreover, Ninos fails to rebut the presumption that his sentence is reasonable.

Finally, *Anders* counsel questions whether there was any ineffective assistance of counsel but does not assert any ineffectiveness. We will not consider such a claim on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (citation omitted). As no such showing has been made, we decline to consider this issue.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*